GARG GOLDEN LAW FIRM
ANTHONY B. GOLDEN, ESQ.
Nevada Bar No. 9563
PUNEET K. GARG, ESQ.
Nevada Bar No. 9811
3185 St. Rose Parkway, Suite 325
Henderson, Nevada 89052
Tel:  (702) 850-0202
Fax:  (702) 850-0204
Email: agolden@garggolden.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIE COTTON, an individual,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>BROWN & BROWN INSURANCE OF NEVADA, INC., a Nevada Corporation; BROWN & BROWN, INC., a Florida corporation; BRIAN CRUDEN, an individual; CLARA CRUDEN, an individual; and DAVE LESTER, an individual,<br><br>　　　　　　　Defendants. | CASE NO.:   2:17-CV-03087<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Julie Cotton (formerly Julie Sloderbeck) ("Plaintiff" or "Cotton"), by and through her attorneys, the Garg Golden Law Firm, and files this Complaint against Defendants Brown & Brown Insurance of Nevada, Inc. ("BB Nevada"), Brown & Brown, Inc. ("Brown & Brown") Brian Cruden ("B. Cruden"), Clara Cruden ("C. Cruden"), and Dave Lester ("Lester") (collectively, "Defendants") alleging as follows:

**JURISDICTION AND VENUE**

1.　　This action is brought to remedy violations of the rights of Plaintiff under the Americans with Disabilities Act, as amended by the ADA Amendments Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and the corresponding Nevada Revised Statutes ("NRS") § 613.310 *et seq.* for discrimination, harassment, retaliation, and failure to accommodate based on disability, under

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

1 of 14

Title VII the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the corresponding NRS § 613.310 *et seq*. for discrimination and harassment based on sex and for retaliation, and under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA") based on interference, discrimination, and retaliation regarding Plaintiff's FMLA rights, and under Nevada common law for intentional infliction of emotional distress.

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 12101 *et seq*., 42, U.S.C. § 2000e *et seq*., 29 U.S.C. § 2601 *et seq*., NRS § 613.330 and § 613.340, and Nevada common law.

3. Venue is proper in this District pursuant to 42 U.S.C. § 12101 *et seq*., 42 U.S.C. § 2000e *et seq*., 29 U.S.C. § 2601 *et seq*., NRS § 613.330 and § 613.340, and Nevada common law, as all facts and circumstances surrounding Plaintiff's claims occurred in Clark County, Nevada. Additionally, this Court has supplemental jurisdiction over the claims in this action arising under the laws of the State of Nevada pursuant to 28 U.S.C. § 1367 and the principles of pendent jurisdiction.

**PARTIES**

4. Plaintiff at all relevant times was a resident of Clark County, Nevada.

5. On information and belief, BB Nevada is a Nevada Corporation registered to do business in Nevada and, at all relevant times, did business in Clark County, Nevada and was Plaintiff's employer for purposes of the claims set forth herein.

6. On information and belief, Brown & Brown is a Florida Corporation registered to do business in Florida and, at all relevant times, conducted business, and imposed policies and procedures on BB Nevada and ultimately on Plaintiff with regard to Plaintiff's day to day work and requests for leave and accommodations and was Plaintiff's employer for purposes of the claims set forth herein.

7. On information and belief, B. Cruden was at all relevant times a resident of Clark County, Nevada, the Market President for Brown & Brown, a supervisor of Plaintiff, and an "employer" of Plaintiff pursuant to the FMLA.

8. On information and belief, C. Cruden was at all relevant times a resident of Clark

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

County, Nevada, the Vice President of Operations for Brown & Brown, a supervisor of Plaintiff, and an "employer" of Plaintiff pursuant to the FMLA.

9. On information and belief, Lester was at all relevant times a resident of Clark County, Nevada, an Executive Vice President for Brown & Brown, a supervisor of Plaintiff, and an "employer" of Plaintiff pursuant to the FMLA.

## PROCEDURAL REQUIREMENTS

10. On or about February 1, 2017, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), which complaint was reduced to a Charge of Discrimination ("Charge") on or about May 8, 2017.

11. The EEOC issued Plaintiff's Notice of Right to Sue, which Plaintiff received on or about September 20, 2017. Plaintiff exhausted all administrative remedies in connection with this action.

12. Plaintiff fully complied with all prerequisites for jurisdiction in this Court to bring claims the ADA, ADAAA, Title VII, and related Nevada Revised Statutes §§ 613.330 and 613.340. No administrative prerequisite exits for Plaintiff's other claims.

## GENERAL ALLEGATIONS

13. Plaintiff became employed by BB Nevada and Brown & Brown on or about February 15, 2013 pursuant to the terms of an Employment Agreement as a Producer ("Employment Agreement") and held the title of Account Executive until the time of her termination from employment on September 30, 2016.

14. Brown & Brown and BB Nevada are in the business of selling insurance products as brokers.

15. In addition to the compensation outlined in the Employment Agreement, Plaintiff was party to a Stock Grant Agreement with Brown & Brown which, among other things, identifies Brown & Brown as Plaintiff's employer.

16. Plaintiff was a top producer for Defendants and had received no disciplinary action during her employment.

17. At the beginning of 2016, Plaintiff faced very serious medical issues that required

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

her to have multiple surgeries.

18. For several years, Plaintiff suffered with severe endometriosis.

19. In 2016, it became necessary for her to have surgery due to her medical condition.

20. Plaintiff was scheduled for surgery to occur in June 2016.

21. Approximately one month prior to Plaintiff's surgery, Plaintiff's doctor put her on medication that made her unable to drive and, therefore, Plaintiff needed to work from home.

22. Plaintiff underwent surgery on or about June 6, 2016 and was ordered to remain home for approximately two weeks.

23. Unfortunately, the surgery was not successful, and Plaintiff ended up in the emergency room with excruciating pain.

24. A second surgery was scheduled for August 2016.

25. Again prior to surgery, Plaintiff was prescribed medication that prevented her from driving and required her to remain home.

26. Plaintiff's second surgery occurred on or about August 8, 2016.

27. Following the second surgery, Plaintiff was required to remain off of work for two weeks; however, due to complications following the surgery, Plaintiff was ordered to be on bed rest for approximately three weeks more.

28. Plaintiff timely and appropriately informed Defendants of her condition, the scheduling of the surgeries, any time off needed, as well as updates on her condition. She timely and appropriately requested leave and other accommodations.

29. Plaintiff was approved for FMLA leave for the time period of her surgeries and recovery.

30. Despite being on approved leave, Defendants required Plaintiff to perform work, which she was restricted from performing pursuant to the orders of her medical professionals.

31. Upon returning to work following her second surgery, yet while still undergoing the physical limitations following her major operation, Defendants subjected Plaintiff to unreasonable performance expectations that were not required of other employees in the same position as Plaintiff who were not suffering from a disability and who were male.

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

4 of 14

32. Prior to Plaintiff's surgeries, Plaintiff's name was at the top of an in-office leaderboard as a "Top Gun," having outperformed her peers.

33. From the time when Plaintiff first began experiencing severe symptoms due to her medical condition in early 2016 and throughout Plaintiff's leave and surgeries, Defendants unlawfully shared with Plaintiff's co-workers and clients sensitive, protected health information about Plaintiff's condition.

34. C. Cruden, with the knowledge and consent of all Defendants, organized a campaign of harassment against Plaintiff by discussing her sensitive health information with co-workers, commenting openly in the office about Plaintiff's condition and physical appearance, including Plaintiff's weight loss as a result of her medical condition, comments about the medication Plaintiff was required to take while being treated, and comments regarding the fact that Plaintiff's second surgery involved removal of female reproductive organs.

35. Plaintiff complained about this improper treatment to management, but no action was taken.

36. On or about September 15, 2016, Lester informed Plaintiff her employment was going to be terminated because she was not able to meet the unreasonable expectations for production required of her. Plaintiff again complained to Lester about Defendants' mistreatment of her.

37. Shortly thereafter, but before Plaintiff's termination of employment, Lester stated to Plaintiff's co-workers at a meeting as statement along the lines of "Julie is a single mom now and due to her health issues, she can't handle the demands of the job."

38. Defendants terminated Plaintiff's employment on or about September 30, 2016.

**FIRST CLAIM FOR RELIEF**

**(Disability Discrimination, Retaliation, Failure to Accommodate, Failure to Maintain Confidentiality of Medical Information, and Harassment against Brown & Brown and BB Nevada under the ADA and NRS §§ 613.330 and 613.340)**

39. Plaintiff repeats and realleges the allegations of the prior paragraphs as though fully set forth herein.

40. At all relevant times, Plaintiff was a qualified individual with a disability.

41. Brown & Brown and BB Nevada knew or should have known of the treatment and procedures Plaintiff was undergoing as well as the accommodation and leave requested by Plaintiff.

42. Defendants' actions set forth above resulted in Plaintiff being treated less favorably than similarly situated, non-disabled employees.

43. Brown & Brown and BB Nevada failed to appropriately engage in the interactive process with regard to Plaintiff's disability and failed to accommodate Plaintiff by, among other things, failing to allow Plaintiff appropriate leave to recover from surgery.

44. When Plaintiff attempted to engage in conduct protected by the ADA and Nevada law, she was subject to adverse employment actions by, among other things, altering the terms and conditions of employment and her productions standards, harassing Plaintiff about her disability and the medical treatment she was receiving for it, and terminating Plaintiff's employment.

45. Brown & Brown and BB Nevada failed to maintain the confidentiality of Plaintiff's health and medical information by informing other employees and Plaintiff's clients of details about her medical condition

46. Brown & Brown and BB Nevada's actions constitute violations of the ADA and relevant Nevada law.

47. Brown & Brown and BB Nevada is liable to Plaintiff for their conduct and the conduct of their employees.

48. As a direct and proximate result of Brown & Brown and BB Nevada's conduct, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

49. Brown & Brown and BB Nevada's conduct was willful, intentional, oppressive, malicious, and done with a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in an amount to be determined at trial.

GARG GOLDEN LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

50. As a result of Brown & Brown and BB Nevada's conduct, Plaintiff has been required to retain the services of an attorney and, as a direct and foreseeable result has been damaged thereby and is entitled to reasonable attorney's fees and costs.

### SECOND CLAIM FOR RELIEF

**(Sex Discrimination, Harassment, and Retaliation Against Brown & Brown and BB Nevada Under Title VII and NRS §§ 613.330 and 613.340)**

51. Plaintiff repeats and realleges the allegations of the prior paragraphs as though fully set forth herein.

52. Plaintiff belongs to a protected class, female, performed her job satisfactorily, and suffered adverse employment actions, harassment, and retaliation by Brown & Brown and BB Nevada. Brown & Brown and BB Nevada, as Plaintiff's employer, engaged in discrimination against Plaintiff through comments regarding Plaintiff's sex, such as inappropriate comments about her surgery being related to her female reproductive organs and comments by Lester about Plaintiff being a single mother and unable to do her job.

53. Brown & Brown and BB Nevada also treated Plaintiff less favorably than similarly-situated, male employees by subjecting her to differing performance standards that were not imposed on her male counterparts.

54. Brown & Brown and BB Nevada further subjected Plaintiff to a hostile work environment through the constant negative comments by C. Cruden and others about Plaintiff as set forth above, which Plaintiff complained about and no action was taken.

55. Brown & Brown and BB Nevada retaliated against Plaintiff by, among other things, changing her terms and conditions of employment in response to her complaints about harassment and discrimination and by terminating Plaintiff's employment in response to her continued complaints about harassment and discrimination.

56. Brown & Brown and BB Nevada's actions constitute violations of Title VII and relevant Nevada law.

57. Brown & Brown and BB Nevada is liable to Plaintiff for their conduct and the conduct of their employees.

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

7 of 14

58. As a direct and proximate result of Brown & Brown and BB Nevada's conduct, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

59. Brown & Brown and BB Nevada's conduct was willful, intentional, oppressive, malicious, and done with a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in an amount to be determined at trial.

60. As a result of Brown & Brown and BB Nevada's conduct, Plaintiff has been required to retain the services of an attorney and, as a direct and foreseeable result has been damaged thereby and is entitled to reasonable attorney's fees and costs.

## THIRD CLAIM FOR RELIEF

### (FMLA Interference Against All Defendants)

61. Plaintiff repeats and realleges the allegations of the prior paragraphs as though fully set forth herein.

62. Defendants' conduct as set forth above constitutes interference with Plaintiff's exercise of her FMLA rights by, among other things, failing or refusing to properly allow Plaintiff to exercise her rights under the FMLA, subjecting Plaintiff to adverse employment actions related to alleged poor performance because of her exercise of FMLA rights, subjecting Plaintiff to different terms and conditions of employment as a result of her exercising FMLA rights, harassing and intimidating Plaintiff for making use of her FMLA rights, and terminating Plaintiff's employment as a result of her exercise of FMLA rights.

63. Plaintiff's use of FMLA leave constituted a negative factor in Defendants' decision to impose different and unreasonable terms and conditions of employment on Plaintiff and in its decision to terminate Plaintiff's employment.

64. As a direct and proximate result of Defendants' conduct, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

8 of 14

with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

65. Plaintiff is also entitled to liquidated damages as a result of Defendants' conduct.

66. Defendants' conduct was willful, intentional, oppressive, malicious, and done with a wanton and reckless disregard for the rights of Plaintiff.

67. As a result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney and, as a direct and foreseeable result has been damaged thereby and is entitled to reasonable attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF

**(Discrimination and Retaliation Under the FMLA Against All Defendants)**

68. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

69. Defendants' conduct as set forth above constitute discrimination and retaliation under the FMLA by, among other things, terminating Plaintiff's employment after Plaintiff opposed Defendants' unlawful practices by complaining to management of the imposition of different and unreasonable terms and conditions of employment on her following her return from surgery.

70. As a direct and proximate result of Defendants' conduct, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

71. Plaintiff is also entitled to liquidated damages as a result of Defendants' conduct.

72. Defendants' conduct was willful, intentional, oppressive, malicious, and done with a wanton and reckless disregard for the rights of Plaintiff.

73. As a result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney and, as a direct and foreseeable result has been damaged thereby and is entitled to reasonable attorney's fees and costs.

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

9 of 14

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract against Brown & Brown and BB Nevada)

74. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

75. Plaintiff entered into the Employment Agreement with BB Nevada upon commencement of her employment.

76. BB Nevada materially breached its obligations under the Employment Agreement by, among other things, failing to appropriately compensate Plaintiff pursuant to the terms of the Employment Agreement and by unilaterally altering the terms and conditions of Plaintiff's employment, specifically performance standards, to unreasonable terms.

77. Plaintiff also entered into the Stock Grant Agreement with Brown & Brown on or about July 1, 2013.

78. Brown & Brown materially breached its obligations under the Stock Grant Agreement by, among other things, failing to allow Plaintiff to fully vest in the stock grant rights by subjecting Plaintiff to improper terms and conditions of employment that lead to her termination prior to fully vesting.

79. As a direct and proximate result of the foregoing breaches, Plaintiff has been damaged in an amount to be proven at trial.

80. As a result of the foregoing conduct, Plaintiff has been required to retain the services of an attorney and, as a direct and foreseeable result has been damaged thereby and is entitled to reasonable attorney's fees and costs.

## SIXTH CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing in Contract and Tort Against Brown & Brown and BB Nevada)

81. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

82. BB Nevada and Brown & Brown breached the implied covenants of good faith and fair dealing in the Employment Agreement and in the Stock Grant Agreement by, among other

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

10 of 14

things, subjecting Plaintiff to unreasonable and retaliatory terms and conditions of employment and performance standards she could never meet such that she would be unable to fulfill her duties as an employee in order for BB Nevada and Brown & Brown to manufacture a reason to terminate Plaintiff's employment so BB Nevada and Brown & Brown did not have to fulfill their obligations under the Employment Agreement and Stock Grant Agreement.

83. Additionally, BB Nevada and Brown & Brown subjected Plaintiff, through the Employment Agreement and the threat of enforcement, to overbroad and otherwise unreasonable restrictive covenants, specifically non-solicitation, that purport to be enforceable for two years after Plaintiff's employment and that prevented Plaintiff from obtaining gainful employment in the insurance industry.

84. As a direct and proximate result of BB Nevada and Brown & Brown's contractual and tortious breaches of the covenant of good faith and fair dealing, Plaintiff has been damaged in an amount to be proven at trial.

85. BB Nevada and Brown & Brown's tortious breaches of the implied covenant of good faith and fair dealing were willful, intentional, oppressive, malicious, and done with a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in an amount to be determined at trial.

86. As a result of BB Nevada and Brown & Brown's conduct, Plaintiff has been required to retain the services of an attorney and, as a direct and foreseeable result have been damaged thereby and are entitled to reasonable attorney's fees and costs.

**SEVENTH CLAIM FOR RELIEF**

**(Intentional Interference with Contractual Relations Against B. Cruden, C. Cruden, and Lester)**

87. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

88. B. Cruden, C. Cruden, and Lester (collectively, the "Individual Defendants") were aware of Plaintiff's Employment Agreement and Stock Grant Agreement.

89. The Individual Defendants' conduct as set forth above was done with the intention

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

11 of 14

of disrupting Plaintiff's Employment Agreement and Stock Grant Agreement and to prevent Plaintiff from reaping the benefits of those two agreements.

90. As a direct and proximate result of the Individual Defendants' conduct, there was an actual disruption of the Employment Agreement and the Stock Grant Agreement.

91. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial.

92. The Individual Defendants' actions in interfering with the relevant agreements were willful, intentional, oppressive, malicious, and done with a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in an amount to be determined at trial.

93. As a result of the Individual Defendants' conduct, Plaintiff has been required to retain the services of an attorney and, as a direct and foreseeable result have been damaged thereby and are entitled to reasonable attorney's fees and costs.

## EIGHTH CLAIM FOR RELIEF

**(Intentional Infliction of Emotional Distress Against All Defendants)**

94. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

95. The conduct set forth above by Defendants, including, among other things, harassing Plaintiff about her medical condition and appearance as a result of that condition, suggesting to co-workers and clients improper use by Plaintiff of prescription drugs that were necessary for her treatment, making comments to co-workers and clients about Plaintiff's inability to perform her duties because of her status as a single mother and having a medical condition constitute extreme and outrageous conduct.

96. As a result of that conduct, Plaintiff became physically ill, causing her severe physical pain and distress when she was about to undergo and had undergone extensive surgery.

97. Defendants intended or had a reckless disregard for causing Plaintiff to suffer emotional distress.

98. As a direct and proximate result of Defendants' conduct, Plaintiff is now suffering

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

12 of 14

and will continue to suffer irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

99. Defendants' conduct was willful, intentional, oppressive, malicious, and done with a wanton and reckless disregard for the rights of Plaintiff, thereby warranting the imposition of punitive damages in an amount to be determined at trial.

100. As a result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney and, as a direct and foreseeable result has been damaged thereby and is entitled to reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff as follows:

1. Declaring that the acts and practices complained of herein are in violation of the ADA, Title VII, the FMLA, NRS §§ 613.330 and 613.340, and Nevada common law;

2. Awarding judgment as appropriate and requiring Defendants to pay Plaintiff's compensatory damages, consequential damages, special damages, and any other damages described herein and to be proven at trial, including punitive damages, back pay, and front pay;

3. Awarding liquidated damages;

4. Awarding prejudgment interest;

5. Awarding Plaintiff fees and costs associated with bringing this action, in addition to reasonable attorney's fees as provided by the United States and or the Nevada statutes; and

6. Granting such other and further relief as this Court deems necessary and proper.

///

///

GARG GOLDEN LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202

13 of 14

**JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by a jury herein.

DATED this 19th day of December, 2017.

                                       GARG GOLDEN LAW FIRM

                                       By  */s/ Anthony B. Golden*
                                             ANTHONY B. GOLDEN, ESQ.
                                             Nevada Bar No. 9563
                                             3185 St. Rose Parkway, Suite 325
                                             Henderson, Nevada 89052
                                             (702) 850-0202
                                             Counsel for Plaintiff

GARG GOLDEN
LAW FIRM
3185 St. Rose Parkway
Suite 325
Henderson, Nevada 89052
(702) 850-0202