1 | LIPSON NEILSON P.C.
Kaleb D. Anderson (Bar No. 7582)
2 | Lisa J. Zastrow (Bar No. 9727)
9900 Covington Cross Drive, Suite 120
3 | Las Vegas, Nevada 89144
(702) 382-1500/FAX (702) 382-1512
4 | kanderson@lipsonneilson.com
lzastrow@lipsonneilson.com

Allison V. Saunders (Bar No. 220010)
Angela S. Fontana (Bar No. 287398)
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
(213) 237-2400/FAX (213) 237-2401
asaunders@fordharrison.com
afontana@fordharrison.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIE COTTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BROWN & BROWN INSURANCE OF NEVADA, INC., a Nevada Corporation; BROWN & BROWN, INC., a Florida corporation; BRIAN CRUDEN, an individual; CLARA CRUDEN, an individual; and DAVE LESTER, an individual,<br><br>Defendants. | Case No.: 2:17-cv-03087-MMD-CWH<br><br>**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

## 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9864871.1     - 1 -

JOINT STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
2:17-CV-03087

protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule of Practice IA 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.     DEFINITIONS**

2.1    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including information that contains trade secrets, confidential or proprietary business or financial information, confidential personal, personnel or health information, or other non-public information, which is entitled to confidential treatment under the applicable law.

2.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel and their support staff.

2.4    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, e-mails, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>In-House Counsel</u>: Attorneys other than Outside Counsel of Record who are either employees of a Party to this action or are otherwise retained by a Party to this action for purposes of prosecuting, defending or attempting to settle this litigation (and their support staff).

2.8 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party (and their support staff).

2.10 <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, insurers, In-House Counsel, Outside Counsel of Record and their support staff.

2.11 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3. <u>SCOPE</u>**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or

their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or other obligation of confidentiality, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. The Designating Party shall have the right to designate as "CONFIDENTIAL" any documents, video, images, testimony, tangible thing, or other information that the Designating Party in good faith believes to contain trade secrets, confidential or proprietary business or financial information, confidential personal, personnel or health information, or other non-public information that is entitled to confidential treatment under the applicable law.

Each Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written

communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions if the Designating Party does not cure the improper designation in the course of the meet and confer process set forth in Section 6.2, *infra*. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (*see, e.g.,* last paragraph of this Section 5.2), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the "CONFIDENTIAL" portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in deposition or in other pretrial proceedings, that the Designating Party either:

i.   identify on the record, before the close of the deposition, hearing, or proceeding, all "CONFIDENTIAL" testimony; or

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9864871.1 - 5 -

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:17-CV-03087

    ii. designate the entirety of the testimony as "CONFIDENTIAL," on the record, before the deposition, hearing or proceeding is concluded, with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of a transcript of the testimony (or such longer period of time to which the Parties agree).

  In circumstances where portions of the testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL," as instructed by the Designating Party.

  (c) for information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Designating Party must designate the protected information as "CONFIDENTIAL" in accordance with Sections 5.2(a) through (c) above. The inspecting Party may not use information inspected but not produced without first providing the Designating Party the opportunity to designate whether that information is "CONFIDENTIAL."

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9864871.1   - 6 -   JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:17-CV-03087

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Within twenty (20) days of discovery of the inadvertent production, the Designating Party shall notify the Receiving Party in writing of the inadvertent failure to designate and provide the Receiving Party a copy of the Disclosure or Discovery Material bearing a "CONFIDENTIAL" designation. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, and shall destroy all copies of the inadvertently produced Disclosure or Discovery Material and notify the Designating Party of its destruction.

## 6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (i.e. direct dialogue and discussion in a face-to-face meeting, telephone conference or video conference) within 15 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3  Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Rule of Practice 26-7 (and in compliance with Local Rule of Practice IA 10-5, if applicable) within 45 days of the initial notice of challenge, or such longer period of time to which the Challenging Party and Designating Party may agree. Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 45 days (or such longer period of time to which the Challenging Party and Designating Party agree), shall waive the confidentiality designation for each challenged designation.

In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. However, frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any business or other purposes whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, In-House Counsel and insurers, and their respective employees and support staff to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel, subject to the provisions regarding filing set forth herein;

(e) court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of the document containing the information or a custodian or other person who otherwise possessed or knew the information other than through violation of this Stipulated Protective Order or other obligation of confidentiality; and

(i) any other person that the Designating Party agrees to in writing.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9864871.1 - 10 -

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:17-CV-03087

If the Designating Party timely seeks a protective order, moves to quash or limit the subpoena, or otherwise seeks to obtain confidential treatment of such materials as permitted under the applicable law, the Party served with the subpoena or Court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 15 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to a Receiving Party that it has inadvertently produced privileged or protected material, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 12. **MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order, including without limitation the attorney-client privilege or attorney work product doctrine. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, neither a Party nor a non-Party may file in the public record in this action any Protected Material. A Party or Non-Party that seeks to file under seal any Protected Material must comply with Local Rule of Practice IA 10-5. Protected Material may only be filed under seal as permitted by statute, rule or Court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's motion for leave to file Protected Material under seal pursuant to Local Rule of Practice IA 10-5 is denied by the Court on the merits, or the Court enters an order unsealing the information, the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9864871.1 - 13 -

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:17-CV-03087

that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 20th day of July, 2018.

GARG GOLDEN LAW FIRM

By:     */s/ Anthony B. Golden*
Anthony B. Golden (Bar No. 9563)
Puneet K. Garg (Bar No. 9811)
3145 St. Rose Parkway, Ste. 320
Henderson, Nevada 89052

*Attorneys for Plaintiff*

///

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9864871.1

- 14 -

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:17-CV-03087

DATED this 20th day of July, 2018.

FORD & HARRISON LLP

By: */s/ Angela S. Fontana*
Allison V. Saunders (CA Bar No. 220010)
Angela S. Fontana (CA Bar No. 287398)
350 South Grand Ave., Suite 2300
Los Angeles, California 90071
*Admitted Pro Hac Vice*

and

LIPSON NEILSON P.C.
Kaleb D. Anderson (Bar No. 7582)
Lisa J. Zastrow (Bar No. 9727)
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144

*Attorneys for Defendants*

**IT IS SO ORDERED:**

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

DATED: July 24, 2018

WSACTIVELLP:9864871.1 - 15 -
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER
2:17-CV-03087

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____, 2018, in the case of *Julie Cotton v. Brown & Brown Insurance of Nevada, Inc.*, Case No. 2:17-CV-03087. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of July, 2018, service of the foregoing **JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER** was made upon each party in the case who is registered as an electronic case filing user with the Clerk, pursuant to Fed. Rule Civ. P. 5(b)(3), and Local Rule 5-4, as follows:

Anthony B. Golden, Esq.
Puneet K. Garg, Esq.
Garg Golden Law Firm
3145 St. Rose Parkway, Suite 230
Henderson, NV 89052
agolden@arggolden.com
pgarg@garggolden.com

*Attorneys for Plaintiff*

*/s/ Mary Garner*

An employee of
Ford & Harrison LLP

Ford & Harrison LLP
Attorneys At Law
Los Angeles

WSACTIVELLP:9864871.1 - 17 -

JOINT STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
2:17-CV-03087